IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN KAROUMI,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  19-cv-3716 |
| | ) | |
| **PATRICK DEALER GROUP,** | ) | |
| d/b/a **PATRICK JAGUAR LLC,** | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, John Karoumi ("Plaintiff"), by his undersigned counsel, FOX & FOX, S.C., complains of Defendants, Patrick Dealer Group, d/b/a Patrick Jaguar LLC (hereafter "Defendants"), as follows:

## JURISDICTION AND VENUE

1. Plaintiff is alleging claims for retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as Defendants reside in the Northern District of Illinois, and the subject unlawful employment practices occurred in this judicial district.

## PARTIES

2. Plaintiff is a former employee of Defendants who at all times relevant resided in St. Charles, Illinois. Plaintiff is of Arab race and ethnicity and is covered under Section 1981.

3. Defendants are corporate entities doing business and having their principal place of business(es) located in Schaumburg, Illinois, where Plaintiff was employed.

4. At all relevant times, Defendants were engaged in an industry affecting interstate commerce, *i.e.* new and used automotive sales and service, and were subject to Section 1981.

5. Plaintiff began his employment at Defendants on or about June of 2017, and was quickly promoted to the position of General Sales Manager in August of 2017. Plaintiff held this position until his abrupt termination on or about April 1, 2019.

6. At all relevant times, Plaintiff performed his duties exemplary, increased sales, gross profit and market share, complied with all work related requirements, and received increased compensation.

7. At the time of Plaintiff's abrupt termination, Defendants presented him with knowingly false and pretextual reasons. Plaintiff was also never provided any prior written or oral warnings, or other discipline.

## COUNT I
### (RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)

1. Plaintiff adopts paragraphs 1 - 7 above as paragraph 1 of Count I.

2. At all relevant times, including in his December 18, 2018 e-mail to Defendants' Director of Sales, Alex Razvi ("Ravi"), and thereafter, Plaintiff made legally protected complaints and objections to Defendants' human resources department, and Chief Operating Officer, Mr. Stilwell ("Stilwell") about what he reasonably believes were discriminatory, hostile and improper treatment of an Arab co-worker, Jad Maqdah ("Maqdah"), because of his race, and participated in its internal investigation of same.

3. Said discriminatory and improper treatment of Maqdah included, but was not limited to, offensive and demeaning racial/ethnic remarks and conduct toward Maqdah by Defendant's New Car Sales Manager, Dan Loose ("Loose"), that: "Trump's going to deport [Maqdah];" a customer (who Luce believes works with the federal government) "deports people like [Maqdah];" Arab countries "bomb" other countries; Arabs are "terrorists" (or words to that effect), as well as other humiliating, stereotypical anti-Arab comments and conduct.

4. Plaintiff also advised Defendants that he believed Loose was discriminating and had animosity against Maqdah because Loose was actively: (a) interfering with and/or hindering Maqdah's sales opportunities and performance; (b) failing to cooperate in Maqdah's new car sales transactions; (c) refusing to assist or speak to Maqdah's customers; (d) refusing to provide Maqdah with sales leads; and (e) otherwise treating Maqdah less favorably as compared to Caucasian and other non-Arab employees.

5. The effect of said unlawful and discriminatory employment practices, policies and/or directives at Defendants – about which Plaintiff complained and objected – deprived Maqdah of the equal opportunities to enjoy, make and enforce contracts, and otherwise adversely affected him because of his Arab race/ethnicity.

6. The aforesaid discriminatory policies, practices, and directives as alleged herein, violate Section 1981.

7. Section 1981 prohibits retaliation and other adverse job actions against Plaintiff for, *inter alia,* opposing, reporting and/or protesting discriminatory employment practices against Maqdah because of his Arab race and/or ethnicity, and for participating in Defendants' internal "investigation" of these matters.

3

8. Plaintiff was unlawfully harassed, retaliated against, and then terminated from his employment on about April 1, 2019, because of his objections, complaints, and protests about Defendants' unlawful employment practices, policies and directives, and/or for his participation in Defendants' internal investigation of these matters.

9. As a direct and proximate result of said retaliation against Plaintiff, including his termination of employment, he has lost, and will continue to lose income, compensation and other benefits of employment, has suffered emotional distress, depression, humiliation, and anxiety about his ability to support himself and his family, his future employability, career loss/future earning capacity, as well as disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

10. The aforesaid conduct was willful, wanton and/or in reckless disregard for Plaintiff's federally protected rights and warrants the imposition of punitive damages.

## Relief Sought

**WHEREFORE,** Plaintiff, **John Koroumi,** prays that this Court grant him following relief against Defendants, jointly and severally, Patrick Dealer Group and Patrick Jaguar LLC:

> A. Award him appropriate back pay and future earnings, and reimbursement for other employment related losses and benefits, in an amount to be shown at trial, plus interest so as to render him whole from the unlawful retaliation and/or termination.
>
> B. Award him compensatory damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
>
> C. Award him punitive damages in an amount to be

4

determined at trial for Defendants' willful, wanton or reckless misconduct.

D. Award him legal fees, litigation costs, any additional relief that is warranted in this action.

## COUNT II
### (RETALIATION IN VIOLATION OF 740 ILCS 174)

1. Plaintiff adopts paragraphs 1 - 7 of Count I, above, as paragraph 1 of Count II.

2. At all relevant times, the Whistleblower Act provided, in pertinent part, that an Illinois employer may not retaliate against an employee for refusing to participate in an activity that he reasonably believes would result in a violation of any state or federal law, rule, or regulation.

3. Plaintiff was concerned and believed that the above-alleged conduct by Defendants, and/or Luce, violated one or more state or federal laws, rules or regulations prohibiting racial discrimination - including Section 1981, the Civil Rights Act of 1991, and the Illinois Human Rights Act.

4. In addition, at all relevant times, including on March 29, 2018, Plaintiff refused to follow or participate in an unlawful, improper and discriminatory directive by Defendants (and the human resources department) to issue Maqdah an unwarranted written disciplinary action for his purported unexcused absence from work on March 25, 2019; and/or refused other improper directives by Defendants that would violate federal and/or Illinois laws, rules or regulations.

5. As a direct and proximate result of Plaintiff's refusal to follow or participate in one or more unlawful acts, requests or directives, as alleged, he was retaliated against and terminated from his employment, and has lost, and will continue to lose compensation and other benefits of employment, has suffered emotional distress, depression, and anxiety about his ability to support himself, his future employability, and career loss/lost future earning capacity, as well as suffering humiliation, depression, anxiety, embarrassment, disruption of his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

6. All of the aforesaid acts of retaliation against Plaintiff violated the Illinois Whistleblower Act.

### Relief Sought

**WHEREFORE,** Plaintiff, **John Karoumi** prays that this Court grant him following relief against Patrick Dealer Group and Patrick Jaguar LLC, jointly and severally:

   A. Award him reinstatement to his former position with the same seniority status that he would have had, but for the subject violations of the Illinois Whistleblower Act or, alternatively, for an appropriate award of lost front pay.

   B. Award him appropriate lost back pay and benefits, and reimbursement for other employment related losses since his termination, plus interest, so as to render his whole from the unlawful termination.

   C. Award his compensatory damages for emotional stress, humiliation and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial as authorized by law.

   D. Award his litigation costs, expert witness fees, reasonable attorney's fees, and any other relief as authorized by 740 ILCS 174.

**- PLAINTIFF REQUESTS A JURY TRIAL -**

               **Respectfully submitted,**

               **JOHN KAROUMI**

               By: s/Randall B. Gold

**Dated**: June 4, 2019

Randall B. Gold, Esq. (ARDC No. 6190918)
Fox & Fox, S.C.
111 East Wacker Dr.
Suite 2600
Chicago, IL 60601
312-526-3220
rgoldlaw@aol.com